UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSBALDO CHAPARRO,<br><br>          Plaintiff,<br>v.<br>CHILDERS, et al.,<br><br>          Defendants. | Case No. 3:24-cv-00194-ART-CLB<br><br>SCREENING ORDER ON<br>FIRST AMENDED COMPLAINT<br>(ECF No. 9) |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil rights complaint pursuant to 42 U.S.C. § 1983 ("FAC"), and has filed an application to proceed *in forma pauperis*[1]. (ECF Nos. 1, 6, 9). The Court now screens Plaintiff's FAC under 28 U.S.C. § 1915A.

I. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an

---

[1] The application to proceed *in forma pauperis* is complete when looking at ECF Nos. 1 and 6.

1

incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal

1  conclusions can provide the framework of a complaint, they must be supported
2  with factual allegations." *Id.* "When there are well-pleaded factual allegations, a
3  court should assume their veracity and then determine whether they plausibly
4  give rise to an entitlement to relief." *Id.* "Determining whether a complaint states
5  a plausible claim for relief . . . [is] a context-specific task that requires the
6  reviewing court to draw on its judicial experience and common sense." *Id.*

7  Finally, all or part of a complaint filed by an incarcerated person may
8  therefore be dismissed *sua sponte* if the claims lack an arguable basis either in
9  law or in fact. This includes claims based on legal conclusions that are untenable
10 (e.g., claims against defendants who are immune from suit or claims of
11 infringement of a legal interest which clearly does not exist), as well as claims
12 based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See*
13 *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*,
14 932 F.2d 795, 798 (9th Cir. 1991).

**II.  PROCEDURAL HISTORY**

16  In November 2024, the Court dismissed Plaintiff's original complaint in its
17 entirety without prejudice with leave to amend. (ECF No. 7 at 8). In analyzing
18 Plaintiff's retaliation claim, the Court dismissed the claim and noted that
19 "Plaintiff's allegations are too vague. Plaintiff generally states that he was
20 litigious and, as a result, all defendants retaliated against him. This is
21 insufficient to state a claim." (*Id.* at 5). The Court emphasized that, if Plaintiff
22 chose to amend, he would need to "make the connection that a specific defendant
23 took a specific adverse action against him because of Plaintiff's protected
24 conduct." (*Id.*)

25  With respect to the equal protection claim, the Court dismissed the claim
26 and noted that:

> Plaintiff vaguely states that he's "not getting the same Equal
> Protection as every other inmate at [Lovelock Correctional Center
> (LCC)]" . . . This is insufficient to state a claim. Plaintiff has not
> specified what treatment is or is not happening. It is also unclear

3

> whether Plaintiff is attempting to state [a] claim based on membership in a protected class or based on being treated differently from similarly situated individuals. Plaintiff fails to state a claim by comparing himself to every other inmate at LCC.

(*Id.* at 6).

With respect to the due process claim, the Court dismissed the claim and noted that "Plaintiff does not provide enough allegations for the Court to determine who deprived him of his property and how those specific prison officials deprived him of his property." (*Id.* at 7). Plaintiff now files the FAC.

### III. SCREENING OF FAC

In the FAC, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at LCC. (ECF No. 9 at 1). Plaintiff sues Defendants Childers, Ferro, Parks, Silva, and Kerns. (*Id.* at 1-2). Plaintiff brings three claims and seeks monetary, declaratory, and injunctive relief. (*Id.* at 6-7).

Plaintiff alleges the following. Prior to December 12, 2023, Plaintiff was known to be "litigious amongst Defendants" which motivated Childers, Ferro, Parks, Silva, and Kerns to "harbor resentment[,] animosity[,] and contempt against Plaintiff." (*Id.* at 3). This served as the impetus to "retaliate" against Plaintiff by placing him in Unit 4-A, a segregated unit similar to administrative segregation. (*Id.*) Childers, Ferro, Parks, Silva, and Kerns were treating Plaintiff differently from other similarly situated heterosexual prisoners. (*Id.* at 3, 5).

Plaintiff lost all his personal property during this. (*Id.* at 3). Childers, Ferro, Parks, Silva, and Kerns violated the Due Process Clause by not properly handling Plaintiff's personal property according to Administrative Regulation 711 because they permitted other inmates to roll up his property. (*Id.* at 4).

Plaintiff brings claims for First Amendment retaliation (claim 1), Fourteenth Amendment equal protection violations (claim 2), and Fourteenth Amendment due process violations (claim 3). (*Id.* at 3, 5-6).

#### A. Claim 1: Retaliation

Prisoners have a First Amendment right to file prison grievances and to

1  pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.*

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68. Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568-69. A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm that is more than minimal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

The Court finds that, once again, Plaintiff fails to state a colorable retaliation claim. Plaintiff vaguely asserts that he was known to be "litigious" and that on December 12, 2023, prison officials moved him to a segregated unit because Childers, Ferro, Parks, Silva, and Kerns harbored resentment, animosity, and contempt against him. Again, these allegations are insufficient to demonstrate that these defendants took a specific adverse action against Plaintiff because of Plaintiff's protected conduct. Because this Court gave Plaintiff leave to amend in a previous screening order and told Plaintiff what he needed to do to correct the deficiencies, the Court dismisses this claim with prejudice as amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (leave to amend not required when

plaintiff was previously allowed to amend but failed to correct identified deficiencies).

### B.   Claim 2: Equal Protection

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The Court finds that Plaintiff fails to state a colorable equal protection claim. Plaintiff generally classifies himself as a heterosexual and says he is being treated differently from similarly situated heterosexual prisoners. It is still unclear to the Court how he is being treated differently. Nevertheless, Plaintiff, cannot state a claim by comparing himself to every other heterosexual inmate who is receiving better treatment than himself. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (holding that, in an equal protection claim, "[t]he groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified" but noting that "[a]n equal protection claim will not lie by 'conflating all persons not injured into a preferred class receiving better treatment' than the plaintiff"). Because this Court gave Plaintiff leave to amend in a previous screening order and told Plaintiff what he needed to do to correct the deficiencies, the Court dismisses this claim with prejudice as amendment would be futile. *See Zucco,* 552 F.3d at 1007.

### C.   Claim 3: Due Process

While an authorized, intentional deprivation of property is actionable

6

1  under the Due Process Clause, neither a negligent nor intentional unauthorized
2  deprivation of property by a prison official is actionable if a meaningful post-
3  deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533
4  (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized
5  deprivation is one carried out pursuant to established state procedures,
6  regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436
7  (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also*
8  *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

9      The Court finds that Plaintiff fails to state a colorable due process claim
10  for property deprivation. Based on the allegations, Plaintiff's due process
11  property claim is based on prison officials allowing inmates to handle Plaintiff's
12  property, against prison regulations, resulting in the loss of Plaintiff's property.
13  As such, Plaintiff's loss is due either to negligence or an intentional,
14  unauthorized deprivation of property. However, neither of these scenarios state
15  a colorable due process claim because the State of Nevada provides Plaintiff with
16  a meaningful post-deprivation remedy for this type of loss. *See* Nev. Rev. Stat. §
17  41.0322 (setting forth guidelines for actions by persons in custody of the NDOC
18  to recover compensation for loss or injury). The Court dismisses this claim with
19  prejudice as amendment would be futile.

20  **IV.  CONCLUSION**

21      It is ordered that the operative complaint is the FAC (ECF No. 9).
22      It is further ordered that the FAC (ECF No. 9) is dismissed in its entirety
23  with prejudice as amendment would be futile.
24      It is further ordered that Plaintiff's application to proceed *in forma pauperis*
25  (ECF Nos. 1, 6) is denied as moot. The Clerk of the Court is kindly requested to
26  close the case and enter judgment accordingly.
27      //
28      //

1   It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED: February 14, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

8